SEL/KAJ/sly          19-015          7/8/20

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SETH SIMS and CECILY SIMS, ) ) ) Plaintiffs, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Defendant. ) ) ) | JURY DEMAND |

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiffs, SETH SIMS and CECILY SIMS, by and through their attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., complaining of defendant, UNITED STATES OF AMERICA, upon information and belief, states as follows:

## JURISDICTION & VENUE

1.  This action is brought pursuant to the Federal Tort Claims Act ("FTCA"), 42 U.S.C. § 233, against defendant, UNITED STATES OF AMERICA, which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court. 28 U.S.C. § 1346.

2.  Pursuant to 28 U.S.C. § 2675, this claim was presented to the appropriate agency of the defendant, UNITED STATES OF AMERICA, namely the United States Department of Veteran Affairs on August 15, 2019, for the claims of plaintiffs, SETH SIMS and CECILY SIMS.

3. As of February 15, 2020, six months have elapsed and the United States Department of Veteran Affairs has failed to make a final disposition of the claim. Pursuant to 28 U.S.C. § 2675(a), the claim may be deemed denied.

4. Accordingly, jurisdiction is conferred upon this court by 28 U.S.C. § 1346(b).

5. Pursuant to 28 U.S.C. § 1391(b)(1) and/or 1391(b)(2), as well as 28 U.S.C. § 1391(e)(1), venue is proper in the Northern District of Illinois, because a substantial part of the events or omissions giving rise to the claim occurred at Captain James A. Lovell Federal Health Care Center, which is located in the Northern District of Illinois.

## PARTIES

6. Plaintiffs, SETH SIMS and CECILY SIMS, are citizens of the United States of America.

7. Defendant, UNITED STATES OF AMERICA, acted through its agency, United States Department of Veteran Affairs, and the Captain James A. Lovell Federal Health Care Center.

## FACTUAL ALLEGATIONS

8. On or about August 3, 2017, and at all times relevant herein, defendant, UNITED STATES OF AMERICA, owned, operated, controlled and/or maintained the Captain James A. Lovell Federal Health Care Center (hereinafter "LFHCC"), located at 3001 North Greenbay Road, North Chicago, Illinois 60064.

9. At all times relevant, SETH SIMS, was lawfully married to CECILY SIMS.

10. At all times relevant, LFHCC was a facility operating under the authority of the Veterans Affairs Administration and the United States of America.

## COUNT I - NEGLIGENCE

11. At all times relevant, LFHCC and the United States of America, directly and acting by and through its employees, agents and duly authorized designees, had a duty to act with reasonable care when caring for and treating its patients, including the plaintiff, SETH SIMS.

12. That duty included, but was not limited to, properly supervising resident physicians, diagnosing patients, administering proper tests and examinations, reviewing, interpreting and reporting the results of tests and examinations and communicating with other surgeons, nurses, and healthcare providers, information relevant to plaintiff's medical condition.

13. That duty also required acting with reasonable care in determining the appropriate course of medical treatment and management of plaintiff's medical condition.

14. On August 3, 2017, and thereafter, plaintiff, SETH SIMS, presented on multiple occasions to the outpatient clinic at LFHCC expressing complaints of abdominal discomfort, and epigastric pain with radiation to his back.

15. Plaintiff, SETH SIMS, presented to the emergency department at LFHCC on August 19, 2017, and was subsequently admitted as an in-patient. Plaintiff, SETH SIMS, remained as an in-patient at LFHCC through August 29, 2017.

16. During plaintiff's admission to LFHCC, between August 19 and August 29, 2017, among the differential diagnoses being considered was Helicobacter pylori, hereinafter h. pylori.

17. A surgical consultation was performed on August 21, 2017, and the recommendation was made for a h. pylori stool antigen test with appropriate treatment to be rendered if the result was positive.

18. On October 25, 2017, an h. pylori feces test was administered, which was subsequently reported as abnormal (with h. pylori being detected) in a report issued by Quest Diagnostics on August 30, 2017. This record is contained in the records of LFHCC, but was not read or considered by any physician in administering and recommending treatment to plaintiff, SETH SIMS.

19. The standard of care for a reasonably well qualified physician required that in a patient with a diagnosis of h. pylori, a regime of medical antibiotic therapy be undertaken. As a proximate result of the failure of the physicians, nurses, agents and employees of LFHCC and the UNITED STATES OF AMERICA to conform to the standard of medical care, plaintiff, SETH SIMS, did not receive the appropriate therapeutic regime, which would more likely than not have effectively treated his h. pylori. Had the appropriate standard of care been met, and the proper medical therapy employed, plaintiff, SETH SIM's, condition of h. pylori would have been eradicated and the radical, unnecessary surgeries performed on plaintiff subsequently, avoided.

20. On August 3, 2017, and thereafter, Gary Sladek, M.D., Karen Carvajal-Vasquez, M.D., David You, M.D., Daniel Krauss, M.D., Emmanuel Manolopoulous, M.D., and Jamil Ibrahim, M.D. were duly authorized employees and/or agents of defendant, UNITED STATES OF AMERICA and LFHCC.

21. Defendant, UNITED STATES OF AMERICA, directly and acting by and through its attending physicians, agents, and employees were negligent in their care and treatment of plaintiff, SETH SIMS, in one or more of the following ways:

    a. Failed to timely refer plaintiff, SETH SIMS, for upper endoscopy as he displayed classic symptoms of peptic ulcer disease;

    b. Failed to read, appreciate, and interpret the "abnormal" report of Quest Diagnostics returned on August 30, 2017, which showed an abnormal finding, namely, reporting the presence of Helicobacter pylori in plaintiff's stool;

4

    c. Failed to timely diagnose and treat h. pylori in plaintiff's gastrointestinal tract;

    d. Performed unnecessary and contraindicated surgery on plaintiff, SETH SIMS, on March 27, 2018, *i.e.*, truncal vagotomy antrectomy and gastro jeunostemy;

    e. Failed to diagnose and treat a post-operative anastomotic leak following the resection of the stomach antrum antrapoloris;

    f. Failed to treat Helicobacter pylori bacterial organisms which were shown to be positive post-operatively;

    g. Failed to diagnose peritonitis, abdominal sepsis, and abdominal abscess on and after March 7, 2017;

    h. Failed to accurately, appropriately and timely report to plaintiff his condition of h. pylori, thereby delaying necessary and appropriate medical treatment.

22. As a proximate result of the foregoing negligent acts and/or omissions, plaintiff, SETH SIMS, underwent unnecessary surgical interventions, which included truncal vagotomy, removal of one-third of his stomach, and a gastro jeunostemy, *i.e.*, resection of the stomach antrum pylorus, which would not have been necessary had appropriate medical therapies been undertaken.

23. Additionally, as a proximate result of the foregoing negligent acts and/or omissions, plaintiff, SETH SIMS, went on to suffer an anastomotic leak, peritonitis, abdominal abscess and a prolonged hospitalization.

24. Plaintiff, SETH SIMS, suffered and continues to suffer severe and disabling gastrointestinal symptoms, including "dumping" syndrome, persistent diarrhea, nausea, lightheadedness and fatigue caused by rapid gastric emptying, secondary to the unnecessary surgical procedures.

25. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of defendant, UNITED STATES OF AMERICA, plaintiff, SETH SIMS, has suffered and will continue to suffer injuries of a personal and pecuniary nature, including but not limited

to, increased risk for life-long complications, including but not limited to, bowel obstructions and adhesions, peritonitis and abdominal abscess.

26. The acts and/or omissions as set forth above constitute a claim under the laws of Illinois pursuant to 735 ILCS 5/2-622(a)(1) that requires a report of a health consultant, which is attached hereto, as well as the affidavit of the attorney that a meritorious cause of action exists. See Exhibit 1 attached hereto.

WHEREFORE, plaintiff, SETH SIMS, prays for money damages and judgment against the UNITED STATES OF AMERICA.

### COUNT II - LOSS OF CONSORTIUM

Plaintiff, CECILY SIMS, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., complaining of defendant, UNITED STATES OF AMERICA, upon information and belief, states as follows:

27. Plaintiff repeats and incorporates by reference paragraphs 11 through 26 of Count I of plaintiff's Complaint at Law.

28. At all times hereto, SETH SIMS was married to CECILY SIMS. As a proximate result of the foregoing negligent acts and/or omissions, plaintiff, CECILY SIMS, was denied the care, comfort, society, services and relationship of plaintiff, SETH SIMS.

29. The acts and/or omissions as set forth above constitute a claim under the laws of Illinois pursuant to 735 ILCS 5/2-622(a)(1) that requires a report of a health consultant, which is attached hereto, as well as the affidavit of the attorney that a meritorious cause of action exists. See Exhibit 1 attached hereto.

WHEREFORE, Plaintiff, CECILY SIMS, prays for money damages and money judgment against the UNITED STATES OF AMERICA.

Respectfully submitted,

/s/ Susan E. Loggans
Attorney for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
312-201-8600
Service by Fax: 312-201-1180
Service by Email: thefirm@logganslaw.com
ARDC No. 1684663

## JURY DEMAND

Plaintiffs respectfully demands a trial by jury.

/s/ Susan E. Loggans
Attorney for Plaintiff